IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK ROBINSON )
) No. 16-1914
)
v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

**SYNOPSIS**

Plaintiff filed an application for disability benefits Plaintiff alleged disability due, <u>inter alia</u>, to macular degeneration. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. The parties' Cross-Motions for Summary Judgment are before the Court. For the following reasons, this matter will be remanded for further proceedings.

**OPINION**

I. **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. <u>Burns v. Barnhart</u>, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II.     THE PARTIES' MOTIONS

Plaintiff objects to the ALJ's decision on two grounds: 1) that the ALJ determined that Plaintiff's macular degeneration was a severe impairment, but did not include related limitations in the residual functional capacity ("RFC"); and 2) that the ALJ's credibility assessment was defective, in part because she failed to consider Plaintiff's work history. In this case, the two issues are intertwined. The ALJ arrived at an RFC that, she said, included the following

2

limitations related to Plaintiff's vision: "he must avoid ordinary hazards in the workplace (e.g., boxes on the floor, doors ajar, etc.); he can never operate a motor vehicle." Ultimately, the ALJ concluded that Plaintiff was capable of performing past relevant work as a paralegal and clerk/trial secretary.

Plaintiff's medical records reveal diagnoses of macular degeneration and central serous retinopathy. Dr. Sethi, a consulting examiner, noted that Plaintiff has been under the care of Retina Health Center, "where his vision has been stabilized." Dr. Sethi reported Snellen visual acuity, with glasses, as 20/40 and 20/25, and noted that "[p]upils are equal, regular, and reactive to light and accommodation." Then, in response to the question, "Do any of the impairments affect the claimant's hearing or vision?", Dr. Sethi checked a box marked "no." Likewise, Dr. Mari-Mayans, a non-examining consultant who considered only Dr. Sethi's opinion, stated conclusorily that Plaintiff had no visual impairment. The ALJ also considered treatment records from UPMC eye center, reflecting a diagnosis of central serous retinopathy, and noted pinpoint leakage in the eye. The treatment notes reflect Plaintiff's complaints of occasional blurry vision and fishbowl effect, as well as flashers and floaters. The ALJ noted that no doctor had placed restrictions on driving, and that Plaintiff drives approximately twice a month, "suggesting that the eye problem is not disabling."

As Plaintiff points out, he testified that he has difficulty seeing a computer unless the screen is magnified, and is limited in driving, reading, and doing paperwork. He stated that his vision is "crappy." Plaintiff has indicated that he cannot see written instructions unless they are properly lit and magnified. At the hearing, Plaintiff stated that he uses a computer for about one hour per day, and that he is able to watch television every day on a thirty-two inch screen. In

order for him to use the computer, Plaintiff stated, it has to be magnified 175%. Plaintiff's spouse and sister-in-law both submitted evidence regarding difficulties with his vision.

In terms of work history, the evidence demonstrates that Plaintiff worked for four and a half years as an electronic court reporter; for six months as a paralegal for a private attorney; for five and a half years at the State Attorney's office in Fort Meyers, Florida, as an early intervention docket reporter, a domestic violence trial secretary, and for the paralegal that handled citizen complaints. Prior to that time, he worked full time at a radio station. Further, Plaintiff testified that since July 5, 2013, and as recently as a year before the hearing, he had applied for paralegal and other jobs. At the time that he applied, he guessed that he could meet the physical demands of those jobs; at the time of the hearing, however, he was "not sure" because he had a hard time seeing the computer. When asked for "the biggest reason" that he thought that he "cannot work," Plaintiff identified breathing problems, pain, and exhaustion.

At the hearing, the vocational expert ("VE") testimony considered Plaintiff's past work as a paralegal, and as a docket and trial secretary. The ALJ asked him to assume an individual with "difficulty reading large print, but retains sufficient visual acuity to read large print, and work with large objects." The VE opined that the individual would not be able to perform the past work. When asked about a limitation including no reading or computer viewing as an integral part of the job, but permitting large print reading, the VE said Plaintiff's past work was not possible. In fact, the VE testified that "none of these jobs could be done…without constant computer work." The ALJ also asked the VE about Plaintiff's prior occupations as an electronic court reporter, paralegal, clerk/trial secretary, and radio personality. The VE stated that all of these jobs "required a lot of computer work," and "would not be conducive to a work situation that he could do."

4

In light of this record, Plaintiff's credibility regarding his visual limitations takes on central importance. It is axiomatic that a severe impairment does not necessarily entitle a claimant to an RFC that accounts for that impairment, and that credibility assessments are entitled to a high degree of deference. It is also true that work history alone is not dispositive of credibility. Thompson v. Astrue, No. 09-519, 2010 U.S. Dist. LEXIS 98112, at *11 (W.D. Pa. Sep. 20, 2010). An ALJ, however, must explain why she does not find a claimant's testimony regarding the intensity, persistence, and limiting effects of symptoms credible. Zenka v. Astrue, 904 F. Supp. 2d 884, 895 (N.D. Ill. 2012 As our Court of Appeals has stated, in cases remanded due to failure to consider a long and productive work history, the claimant "also showed evidence of severe impairments or attempted to return to work." Corley v. Barnhart, 102 F. App'x 752, 755 (3d Cir. 2004). Under such circumstances, a mere statement acknowledging a claimant's work history is not sufficient. Gates v. Astrue, No. 07-202, 2008 U.S. Dist. LEXIS 64139, at *20 (W.D. Pa. Apr. 14, 2008). "The ALJ's short analysis does not demonstrate that she came to grips with the severely limiting ways in which [Plaintiff] said [his] visions [sic] problems prevented her from using a computer… Because the ALJ did not explain her reasoning on this issue, the opinion fails to permit an informed review." Hamilton v. Astrue, No. 07-cv-0117, 2008 U.S. Dist. LEXIS 52099, at *28 (S.D. Ind. June 24, 2008).

In this case, the ALJ found that Plaintiff's macular degeneration was a severe impairment, and noted Plaintiff's attempts to return to work. There is no suggestion, however, that the ALJ considered Plaintiff's work history in connection with her credibility assessment. Moreover, the ALJ found Plaintiff's testimony "partially credible" and thus crafted an RFC with the stated purpose of addressing Plaintiff's vision impairments, but did not address why she rejected his particular testimony regarding the impairments' effect on computer use. Absent

5

further explication, meaningful review is not possible. In light of the fact that this issue would be dispositive per the VE's testimony, the objective medical evidence that might support Plaintiff's vision-related complaints, remand is warranted.

## CONCLUSION

Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded so that the ALJ may further explain her assessment of Plaintiff's credibility, specifically with respect to Plaintiff's complaints regarding computer use. An appropriate Order follows.

Dated:2/1/18                                   BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose

Senior Judge, U.S. District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK ROBINSON )
) No. 16-1914
)
    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

**ORDER**

AND NOW, this 1st day of February, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED, to the extent that this matter is remanded for further proceedings consistent with the foregoing Opinion.

                        BY THE COURT:

                        */s/ Donetta W. Ambrose*

                        Donetta W. Ambrose

                        Senior Judge, U.S. District Court